(C. D. 310)

Schenley Import Corp. v. United States

United States Customs Court, Third Division

(Decided April 2, 1940)

*Puckhafer, Rode & Rode (John D. Rode.* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The merchandise herein consists of certain sherry wine imported in casks or butts. The entire shipment consisted of 229 butts. One case, number 272, was damaged in transit. Immediately after the vessel docked and prior to delivery the wine was officially gauged. The return of the gauge under cask 272 shows a capacity of 133 gallons and an outage of 129 gallons, said barrel was reported leaking at chimb and. with a broken stave. The collector assessed duty upon the capacity of the cask less an outage of 2½ per centum, or upon 129.68 gallons, no allowance being made for leakage or damage. Cask 272 was later exported and the plaintiff claims that no duty should have been assessed upon said cask, or, alternatively, that duty should not have been assessed upon a greater quantity than was actually imported.

At the trial it was established that the merchandise was entered for warehouse and that a warehouse entry permit was given permitting the merchandise to be removed from the dock to the bonded warehouse; that the duty upon the merchandise was not paid and the importer had no control over the same and could not obtain possession thereof; that the merchandise was received at the warehouse upon delivery from the dock in eight lots, the first date of receipt at warehouse being December 22, 1936, and the final lot being received on January 4, 1937; that the warehouse receiving ticket and tally on the records of the warehouse show that in the lot received January 4, 1937, cask 272 contained only 4 gallons. On January 6, 1937, the importer filed with the collector an affidavit stating that cask 272, entered as containing 132 gallons, arrived with 128 gallons short; that damage had been suffered in transit resulting in said loss and that allowance for loss be made in accordance with paragraph 813 of the Tariff Act of 1930; that cask 272 was exported under warehouse withdrawal for exportation under date of January 5, 1938, and exportation was effected upon January 14, 1938. The warehouse entry was liquidated on April 13, 1938.

The importer contends that the affidavit required under the provisions of paragraph 813 was timely since it was filed within 5 days after the delivery of the completed shipment and within 5 days after the delivery of cask 272, and further claims, as article 815 of the Customs Regulations of 1937 defines delivery as effective at the time the merchandise is actually delivered by the carrier or on its order either directly to the importer or to the storekeeper in charge of a bonded warehouse, that the cask in question was not delivered until January 4, 1937, and therefore the affidavit of short shipment and report of damage in transit of cask 272 was timely. Counsel for the Government concurs in this view.

As article 815 of the customs regulations specifically states that the word "Delivery" shall be construed to be effected at the time when merchandise is actually delivered by the carrier to the storekeeper in charge of a bonded warehouse, it is clear that cask 272 was delivered within the meaning of article 815 at the time it was received in the warehouse upon January 4, 1937. An affidavit filed 2 days later is within the time prescribed by the statute.

For the reasons stated judgment will be rendered in favor of the plaintiff directing the collector to reliquidate the entry and to make refund of all duty taken upon cask 272.