**No. 52290.**—Le Sage Co. *v.* United States, protest 110409–K (Galveston).

JOHNSON, Judge: Claim is here made for refund of all duties taken by the collector upon distilled spirits entered for warehouse at the port of Houston, Tex., wherein the customs inspector noted breakage at the time of examination at the warehouse.

There was no testimony adduced at the trial. Counsel for the plaintiff submitted the case upon such evidence as appears in the entry papers, including the appraiser's report, and an affidavit of shortage filed by the importer. The latter was admitted in evidence for the purpose of showing attempted compliance with the statute only.

The collector in his report states that "Duty and internal revenue tax was allowed for all shortages reported by the customs officer in the liquidation." He further states, however, that no allowance in duty was made for the liquor lost from bottles which were broken in transit for the reason that the importer's affidavit was not filed within the period prescribed by law.

The Government contends that the importer's affidavit was 2 days late. At the trial, counsel for the plaintiff contended that the time for filing of affidavit begins to run from the date of examination by the examiner.

The affidavit in question was received in the customhouse on January 28, 1944. The inspector's report of breakage and shortage of bottles in the imported cases

was dated at the Le Sage warehouse on January 11, 1944, 17 days before the affidavit of the importer was filed. One case had been sent to the appraiser's stores and the date of examination is noted as January 13, 1944. This case, however, was not one included in the inspector's list of bad order cases.

Section 15.9 (a), Customs Regulations of 1943, provides that where gauging is delayed until after the merchandise has been deposited in a bonded warehouse, the date of delivery shall be construed to be the date of the completion of the gauging. The date of the warehouse storekeeper-gauger's report has been accepted by the courts as the date of delivery. See *Schenley Import Corp.* v. *United States*, 4 Cust. Ct. 154, C. D. 310, and *Dixie Bottle & Beverage Co.* v. *United States*, Abstract 51505.

The affidavit required by the statute to be filed within 15 days after delivery of the merchandise is unquestionably not in proper time. Inasmuch as paragraph 813, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, specifically prohibits an allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except when the gauger's return is verified by an affidavit by the importer to be filed within 15 days after the delivery of the merchandise, the filing of the required affidavit within the prescribed time is a condition precedent to recovery. The affidavit in question having been filed too late, the importer is not entitled to recover even though the breakage at issue was within the terms of the statute.

Judgment will therefore be entered in favor of the Government.